IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SERON K. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:25-CV-144-WKW |
| | ) [WO] |
| CLEVON RANDOLPH, BRYANT | ) |
| ROBBINS, and CO 1 PARHAM, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Plaintiff Seron K. Smith, an inmate in the custody of the Alabama Department of Corrections (ADOC), filed this 42 U.S.C. § 1983 action for alleged violations of his federal constitutional rights while incarcerated at the Easterling Correctional Facility. Proceeding *pro se*, Plaintiff filed a motion for leave to proceed *in forma pauperis*. (Doc. # 2.) The court granted the motion with conditions and ordered Plaintiff to pay an initial partial filing fee of $230.52. (Doc. # 4.) The Order cautioned Plaintiff that his failure to comply with the Order would, without further notice, result in dismissal for failure to prosecute and comply with an Order of the court. (Doc. # 4.) Thereafter, Plaintiff requested and received an extension of time to April 7, 2025, to make the initial payment. (Docs. # 5, 6.) After Plaintiff failed to submit the initial partial filing fee by the extended deadline, an Order was entered for Plaintiff to show cause by May 23, 2025, why this action should not be dismissed

for his failure to comply with the court's Order and to prosecute this action. (Doc. # 7.) Plaintiff was cautioned that his "failure to respond to this Order will result in the dismissal of this case without further notice." (Doc. # 7 at 1.)

To date, Plaintiff has not paid the initial partial filing of $230.52 or otherwise responded to the court's Orders (Docs. # 6, 7). As warned, this action will be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute and to comply with court orders is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31. Dismissal as a sanction, however, "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)).

In this instance, Plaintiff has not paid the initial partial filing fee of $230.52, as directed (Docs. # 4, 6), and has not responded to the show-cause Order (Doc. # 7). Plaintiff twice has been warned that a failure to comply would result in dismissal of this action. (Docs. # 4, 7.) Under these circumstances, the court finds a clear record of delay and willful disregard of the court's Orders (Docs. # 6, 7) and further that no lesser sanction than dismissal without prejudice would be effective.

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final Judgment will be entered separately.

DONE this 6th day of June, 2025.

                                           /s/ W. Keith Watkins
                                    UNITED STATES DISTRICT JUDGE